## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

ANDERSON TRAYLOR EDWARDS LTD    CIVIL ACTION NO: 22-1024 "G" 5

VERSUS    JUDGE: NANNETTE BROWN

BERKSHIRE HATHAWAY
GUARD INSURANCE CO.    MAGISTRATE: M. NORTH
****************************************************************************

### JOINT PRE-TRIAL ORDER

1. **Date of Pre-Trial Conference**

   The Pre-Trial Conference is scheduled for March 23, 2023 at 3:00 p.m. before Honorable

Judge Nannette Jolivette Brown.

2. **Appearance of Counsel**

   **For Anderson Traylor Edwards LTD:**
   CHEHARDY, SHERMAN, WILLIAMS,
   RECILE, & HAYES, L.L.P.
   JAMES M. WILLIAMS (BRN 26141)
   MATTHEW A. SHERMAN (BRN 32687)
   PATRICK R. FOLLETTE (BRN 34547)
   NICHOLAS R. VARISCO, (BRN 38431)
   One Galleria Blvd., Suite 1100, Metairie, LA 70001
   P. O. Box 931, Metairie, LA 70004-0931
   Telephone: (504) 833-5600   Fax: (504) 833-8080
   Email: james@thetrialteam.com / matthew.sherman@thetrialteam.com
   patrick@thetrialteam.com / nick@thetrialteam.com

   **For Defendant, AmGuard Insurance Company,**
   PAMELA W. CARTER (BRN 24048)
   LINDA GONZALES (BRN 35149)
   MIA LEWIS (BRN 36550)
   QUINTARIOS, PRIETO WOOD & BOYER, P.A.
   3850 N Causeway Blvd., Ste. 630, Metairie, LA 70002
   Telephone:  (504) 527-2055
   Email: pamela.carter@qpwblaw.com
   Email: linda.gonzales@qpwblaw.com
   Email: mia.lewis@qpbwlaw.com

KENNETH P. WILLIAMS
KRISTINA DUKANAC
SEGAL MCCAMBRIDGE SINGER & MAHONEY
29100 Northwestern Hwy, Ste. 240
Southfield, MI 48034
Telephone: (248) 994-0061
Email: kwilliams@SMSM.com
Email: KDukanac@SMSM.com
ADMITTED PRO HAC VICE

**3.** **Description of the Parties**

**a.** **ATE:**

Anderson Traylor Edwards LTD ("ATE") is the plaintiff in this matter. ATE is a law firm organized under the laws of the State of Louisiana with its principal place of business located at 509 Morris Avenue in Hammond, LA (the "Property). Relevant to this suit, ATE is the insured under a commercial property insurance policy (Policy No. ANBP299424) with Berkshire Hathaway Guard Insurance Company ("Guard"), its commercial property insurer.

Guard is the defendant in this matter. Guard is a foreign insurance company licensed to do and doing business in the State of Louisiana. Relevant to this suit, Guard is the insurer who issued the commercial property insurance policy (Policy No. ANBP299424) to ATE for the Property.

**b.** **AMGUARD:**

AmGUARD Insurance Company ("Guard") is incorrectly identified as Berkshire Hathaway Insurance Company. Guard provided a policy of insurance to Anderson Traylor Edwards for the time period in question. Guard issued Businessowner Policy Number ANBP299424, effective from March 1, 2021, to March 1, 2022, to ATE with coverage limits of $550,000 for building coverage, and business income coverage for the actual loss sustained up to twelve months. ATE challenges Guard's handling of its building loss and business income loss claims in this lawsuit.

4. **Statement of Jurisdiction**

a. **ATE**:

Subject matter jurisdiction is not disputed as it relates to diversity jurisdiction. The Court has subject matter jurisdiction over ATE's state law claims for breach of contract and bad faith pursuant to 28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy exceeds $75,00, exclusive of interest and costs. In this matter, ATE has brought (a) a Louisiana state law claim for breach of contract against Guard for failing to pay as obligated under the contract of insurance related to its Hurricane Ida property damages and business income losses and (b) claims for bad faith pursuant to La. R.S. La. R.S. 22:1892 and La. R.S. 22:1973 for Guard's arbitrary and capricious failure to adequately and timely compensate ATE for the covered losses under the policy of insurance.

b. **AMGUARD**:

The parties do not contest jurisdiction in this matter. These proceedings arise from ATE's Petition for Damages filed on March 17, 2022, in the 21st Judicial District Court for the Parish of Tangipahoa, Case No. 20220000737, naming Defendant Amguard (incorrectly named as "Berkshire Hathaway Guard Insurance Company"), in its capacity as the insurer of ATE's property and its business interruption claims. Guard subsequently removed this matter to the United States District Court for the Eastern District of Louisiana on April 15, 2022. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, as the parties are diverse and the amount in controversy exceeds $75,000. The parties stipulate that ATE is seeking in excess of $75,000.00 in this matter.

Personal jurisdiction is also not at issue, as Guard issued the subject policy of insurance to ATE for the Property located in Louisiana.

5. **Pending Motions**

The following motion is pending before the Court:

1. Motion to Quash Subpoena to Melinda Champluvier;

2. Defendant, Guard, anticipates that it will file Motions in Limine to limit the testimony and evidence to be presented at the trial of the case. Guard anticipates that it may also file Motions in Limine regarding various evidentiary matters, as well as any attempt by plaintiff to expand its pleadings and/or defenses and/or alter the testimony and/or reports of its experts.

3. ATE objects to and opposes any filings that Guard anticipates it may file.

6. **Brief, Joint Summary of Material Facts**

This litigation concerns ATE's claims against Guard, its commercial property insurer, for the damages and losses it sustained to its property located at 509 Morris Avenue in Hammond, LA (the "Property) as a result of Hurricane Ida. Specifically, as a result of Hurricane Ida, ATE alleges that its property sustained extensive damage to its structure and interior. ATE alleges that due to said property damages, it also suffered a significant loss of business income in the period immediately following Hurricane Ida in which it could not fully operate its business.

In this lawsuit, ATE claims Guard's insurance policy provided coverage for both the property damages and the business income losses sustained as a result of Hurricane Ida. ATE claims that while Guard has made some payments to ATE for the property damages and business income losses, those payments were unreasonable in both the amounts paid and in regard to the times in which they were issued. As such, ATE claims that (a) Guard has failed to pay ATE the full covered amounts for both the property damages and business income losses it sustained and (b) that any eventual payments were issued beyond the deadline mandated by Louisiana law to

issue payment. As such, in addition to seeking the remainder of what it alleges is owed for the property damages and business income losses under the insurance policy, ATE also seeks bad faith penalties under Louisiana law against Guard for Guard's arbitrary and capricious failure to tender the full amounts owed and for Guard's arbitrary and capricious tardiness in tendering each alleged underpayment.

Guard asserts that it timely investigated and adjusted Plaintiff's claims as a result of Hurricane Ida, and denies that any payments were in violation of Louisiana Law. Guard has at all times disputed the scope and extent of the storm-related damages to Plaintiff's building and the extent of Plaintiff's business income interruption losses. Guard has issued payments for the undisputed portions of Plaintiff's claims. Any payments not issued were for damages that were in dispute and/or not covered under the insurance policy.

7. **Single Listing of Uncontested Material Facts**

1. This matter involves claims for property damage and business income interruption allegedly caused by Hurricane Ida.

2. ATE filed a Petition for Damages on March 17, 2022, in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana. Guard subsequently removed the matter to this court.

3. ATE is the owner of the property located at 509 Morris Avenue in Hammond, LA (the "Property).

4. At the time of Hurricane Ida, ATE had a commercial property insurance policy (Policy No. ANBP299424) in effect with Guard, effective March 1, 2021 to March 1, 2022 (the "Policy").

5. The Policy provided coverage limits of $550,000 for building coverage, $100,000 for business personal property coverage, and business income coverage of up to twelve months for the actual loss sustained through the suspension of business operations.

6. On August 29, 2021, Hurricane Ida made landfall in the state of Louisiana.

7. Guard contracted its third-party adjustor, Crawford & Company ("Crawford") to handle ATE's Hurricane Ida claim.

8. On September 6, 2021, Crawford performed an initial inspection of the Property on behalf of Guard.

9. On October 7, 2021, Crawford completed the report from the initial inspection.

10. Guard issued a tender to ATE on November 15, 2021, in the amount of $45,158.73.

11. On November 16, 2021, ATE submitted receipts for damaged trees.

12. On December 27, 2021, Guard sent payment in the amount of $20,940.64.

13. On December 3, 2021, ATE submitted two contractors' estimates for the building damages.

14. On December 8, 2021, Guard declined to pay the amount shown of the ATE contractors' estimates.

15. The reinspection of the property by Guard's retained building consultant occurred on March 29, 2022.

16. On May 27, 2022, Guard tendered $62,385.90 to ATE.

17. On April 27, 2022, Guard requested a joint reinspection with ATE's licensed contractor.

18. This reinspection took place on May 4, 2022.

19. On July 15, 2022, Guard tendered a check in the amount of $33,387.02.

20. On November 15, 2021, ATE provided Crawford with its financials.

21. On November 19, 2021, ATE provided Crawford with its financials for October 2021.

22. On December 16, 2021, ATE submitted a report written by John Theriot, CPA and forensic accountant at Malcolm Dienes LLC.

23. On December 27, 2021, Crawford paid a $45,000.00 "advance" for business income losses.

24. On March 23, 2022, ATE submitted a report of financials written by John Theriot.

25. On April 13, 2022, a tender was issued to ATE for the business income in the amount of $188,586.00.

**8.  Contested Issues of Fact**

1.  Whether (and in what amount) Guard owes ATE additional compensation under the policy of insurance for ATE's property damages.

2.  Whether (and in what amount) Guard owes ATE additional compensation under the policy of insurance for ATE's business interruption losses.

3.  Whether any of Guard's payments to ATE were made timely pursuant to Louisiana law.

4.  The causation of damages to plaintiff's property and contents located at 509 Morris Avenue, Hammond, LA 70403.

5.  The valuation of the damages to plaintiff's property and business income.

6.  Whether Guard has paid all amounts owed under the Policy.

7.  Whether Guard arbitrarily, capriciously, and without probable cause, failed to pay for ATE's storm-related damages within the applicable statutory period after receipt of satisfactory proof of loss.

8.  The dates on which Guard received satisfactory proof of loss from ATE for their property damage and business interruption claims.

9.  Whether Guard failed to timely pay any uncontested damages under the policy.

10. The amount of attorney's fees and costs, if any, Guard would owe to ATE.

11. Whether Guard or its third-party representative, Crawford & Company, misrepresented pertinent facts or insurance policy provisions relating to any coverage at issue.

12. The amount of general and special damages, if any, incurred by ATE as a result of Guard 's adjustment of the damage related to Hurricane Ida damage and conduct throughout the adjustment process.

13. Whether the damage to windows at the Property pre-existed the storm or were damaged as a result of Hurricane Ida.

14. The amount of business income interruption sustained by ATE as a result of the suspension of its business operations at the Property as a result of Hurricane Ida.

15. Whether ATE has been fully compensated for the loss and damages caused by Hurricane Ida.

16. Whether the storm-related repairs to ATE's building should include window replacements for all windows in the Property.

17. Whether Guard breached a contractual obligation owed to ATE under insurance Policy No. ANBP299424.

18. Whether ATE has itemized their special damages with particularity as required by law. See Fed. R. Civ. P. 9(g).

**9.  Contested Issues of Law**

1. Whether (and in what amount) Guard owes ATE additional compensation under the policy of insurance for ATE's property damages.

2. Whether (and in what amount) Guard owes ATE additional compensation under the policy of insurance for ATE's business interruption losses.

3. Whether any of Guard's payments to ATE were made timely pursuant to Louisiana law.

4. Whether Guard acted in bad faith pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.

4. Whether Guard arbitrarily, capriciously, and without probable cause, failed to pay for ATE's storm-related damages within the applicable statutory period after receipt of satisfactory proof of loss.

5. Whether Guard breached and/or violated the provisions of La. R. S. 22: 1973.

6. Whether Guard failed to make a written offer to settle all property damage claims within thirty days of receipt of satisfactory proof of loss pursuant to La RS 22:1892(B)(1).

7. All issues of law implicit in the facts and pleadings of this matter.

8. Whether Guard is liable to ATE for the amount of its covered losses under the Policy.

9. Whether Guard breached its contract with ATE by failing to compensate it for all related losses caused to their business by Hurricane Ida.

10. Whether Guard is liable for bad faith damages pursuant to La RS 22:1892(B)(1).

11. Whether Guard 's conduct throughout the adjustment process entitles ATE to an award of penalties in the amount of 50% of the overall insurance recovery amount pursuant to La RS 22:1892(B)(1).

12. Whether Guard 's conduct throughout the adjustment process entitles ATE to reimbursement for attorney's fees and costs from Guard pursuant to La RS 22:1892(B)(1).

13. Whether ATE has the initial burden of proof to establish a loss under the Guard policy.

14. Whether Guard has an obligation to pay additional business income when the insured only had a delay in its business income.

15. Whether Guard breached its insurance policy to ATE.

16. Whether Guard is liable for bad faith when there are legitimate challenges to ATE's claims for business interruption and property damage.

17. Whether the insured has an obligation to commence repairs within 180 days of a payment in order to recover more than the actual cash value of the damages.

## 10. <u>Exhibits</u>

### a. <u>ATE</u>[1]

1. Policy of insurance between Guard and ATE, bearing Policy No. ANBP299424 (Bates ATE 504 through 582);

2. All endorsements for the Policy of insurance between Guard and ATE, bearing Policy No. ANBP299424 (Bates ATE 583 through ATE 634)

3. Exhibit 3 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Crawford & Company Estimate from 10/04/21, Bates ATE 377 through 386);

4. Exhibit 4 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Bates ATE 336);

5. Exhibit 5 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Email thread from 09/06/21 through 10/11/21, Bates ATE 316);

6. Exhibit 6 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Email from Christopher Wilkie on 11/23/21);

7. Exhibit 7 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Statement of Loss from Crawford Global Technical Services);

---

[1] Guard objects to Plaintiff's unidentified exhibits as they lack the proper foundation, are unduly speculative, constitute conjecture and are hearsay evidence. Further, the exhibits are not authenticated and constitute unsworn and unverified documents. Plaintiff has not properly laid the foundation and has not authenticated the listed exhibits for use at trial. Federal Rules of Evidence 402, 602 and 901.

8. Exhibit 8 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (PDC Estimate, Bates ATE 168-192);

9. Exhibit 9 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Owen Construction, LLC Invoice, dated 12/01/21, Bates ATE 163-165);

10. Exhibit 10 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Letter from Voorhies Law Firm, dated 12/03/21, Bates ATE 159-162);

11. Exhibit 11 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Various Emails between Wilkie, Voorhies Law Firm, Edwards, and others from 12/08/21, 5 pages);

12. Exhibit 12 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Email from Dana Laster, dated March 16, 2022, Bates ATE 309);

13. Exhibit 13 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Various Emails between Edwards, Wilkie, Barousse, and others, 11 pages);

14. Exhibit 14 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Email from Voorhies Law Firm on 03/16/22);

15. Exhibit 15 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Young & Associates Estimate, Bates ATE 546-568);

16. Exhibit 16 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Email from Williams Barouse to Christopher Wilkie on November 19, 2021);

17. Exhibit 17 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Email from Voorhies Law Firm to Christopher Wilkie on 12/16/21);

18. Exhibit 18 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Malcolm Dienes, LLC Report dated 12/16/21);

19. Exhibit 19 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Email from Dana Laster to Mike Law dated March 18, 2022, Bates ATE 289);

20. Exhibit 20 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Email from Dana Laster to Mike Law dated March 18, 2022, Bates ATE 349);

21. Exhibit 21 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Bates ATE 321);

22. Exhibit 22 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (AmGUARD website, "About Us", "Our Values");

23. Exhibit 23 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (AmGUARD website, "About Us", "Our Mission");

24. Exhibit 24 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (AmGUARD website, "About Us");

25. Exhibit 25 attached to the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard (Email thread between Christopher Wilkie and Christopher Edwards, dated 11/12/21 through 11/14/21);

26. Exhibit 1 attached to the deposition of Michael Law (Emails between Edwards and Law and others, dated 11/30/21 through 12/28/21, 14 pages);

27. Exhibit 2 attached to the deposition of Michael Law (Emails between Edwards and Law and others, dated 12/08/21 through 01/10/22, 4 pages);

28. Exhibit 3 attached to the deposition of Michael Law (Emails between Ruber and AmGUARD/Crawford, dated 01/31/22 and 02/14/22, 2 pages);

29. Exhibit 4 attached to the deposition of Michael Law (Emails between Voorhies Law Firm, Law, and others dated 03/21/22, 2 pages);

30. Exhibit 5 attached to the deposition of Michael Law (Emails between Edwards, Law, and others, dated 04/19/22 through 05/02/22, 10 pages);

31. Exhibit 1 attached to the deposition of Christopher Wilkie (Emails from Wilkie to Edwards, dated 11/12/21 through 12/14/21);

32. Exhibit 2 attached to the deposition of Christopher Wilkie (Email from Barousse to Wilkie, dated 11/19/21);

33. Exhibit 3 attached to the deposition of Christopher Wilkie (Emails from Wilkie to Barousse, dated 11/23/21 and the attachment to the email, 12 pages);

34. Exhibit 4 attached to the deposition of Christopher Wilkie (Email from Wilkie to Voorhies Law Firm and others, dated 11/23/21 and the attachment to the email, 5 pages);

35. Exhibit 5 attached to the deposition of Christopher Wilkie (Email from Edwards to Wilkie and others, dated 12/03/21, 4 pages);

36. Exhibit 6 attached to the deposition of Christopher Wilkie (Email from Voorhies Law Firm to Wilkie and others, dated 12/16/21, 1 page);

37. Exhibit 7 attached to the deposition of Christopher Wilkie (Email from Barousse to Wilkie from 12/20/21);

38. Exhibit 8 attached to the deposition of Christopher Wilkie (Email from Edwards to Wilkie from 12/22/21);

39. Exhibit 9 attached to the deposition of Christopher Wilkie (Emails between Champluvier and Ruber from 12/17/21 through 12/21/21, 2 pages, Bates ATE 320 through 321);

40. Exhibit 10 attached to the deposition of Christopher Wilkie (Emails between Wilkie, Ruber, and others from 12/17/21 through 12/21/21, Bates ATE 333 through 334);

41. Exhibit 11 attached to the deposition of Christopher Wilkie (Email from Ruber to AmGUARD, dated 12/08/21, 1 page, Bates ATE 344);

42. Exhibit 1 attached to the deposition of John Crawford (John Crawford Professional Summary, 2 pages);

43. Exhibit 2 attached to the deposition of John Crawford (Crawford Engineering Report, dated 12/13/22, 59 pages);

44. Exhibit 2 attached to the deposition of Christopher Edwards as the 30(b)(6) representative of Anderson Traylor Edwards, LTD (Home Inspection Report by Home Inspections of Louisiana, LLC, 24 pages);

45. Exhibit 3 attached to the deposition of Christopher Edwards as the 30(b)(6) representative of Anderson Traylor Edwards, LTD (Bates Crawford 25 through 29);

46. Exhibit 4 attached to the deposition of Christopher Edwards as the 30(b)(6) representative of Anderson Traylor Edwards, LTD (Emails between Edwards and Wilkie and others, 13 pages);

47. Exhibit 5 attached to the deposition of Christopher Edwards as the 30(b)(6) representative of Anderson Traylor Edwards, LTD (Emails between Edwards, Wilkie, and others, dated 12/03/21, 2 pages);

48. Exhibit 1 attached to the deposition of Raymond Gonzales (Gonzales CV, 4 pages);

49. Exhibit 2 attached to the deposition of Raymond Gonzales (PDC 11/30/21 Estimate, 32 pages);

50. Exhibit 3 attached to the deposition of Raymond Gonzales (PDC 05/11/22 Estimate, 41 pages;

51. Exhibit 4 attached to the deposition of Raymond Gonzales (PDC 12/13/22 Estimate, 62 pages);

52. Exhibit 5 attached to the deposition of Raymond Gonzales (PDC Letter, dated 12/13/22, 2 pages);

53. Exhibit 6 attached to the deposition of Raymond Gonzales (Young & Associates Estimate, dated 06/08/22, 23 pages);

54. Exhibit 7 attached to the deposition of Raymond Gonzales (Crawford & Company Estimate, dated 10/04/21, 10 pages;

55. Exhibit 1 attached to the deposition of Ralph Litolff, Jr. (RAL Forensics Report, dated 01/12/23);

56. Exhibit 2 attached to the deposition of Ralph Litolff, Jr. (BizGUARD Business Owner's Policy Declarations, Policy No. ANBP299424, issued 01/25/21, 8 pages);

57. Exhibit 3 attached to the deposition of Ralph Litolff, Jr. (Business Owner's Coverage Form Index, 52 pages);

58. Exhibit 4 attached to the deposition of Ralph Litolff, Jr. (Malcolm Dienes, LLC Report, dated 12/19/22, 54 pages);

59. Exhibit 5 attached to the deposition of Ralph Litolff, Jr. (Supreme Court of LA Order, 3 pages);

60. Exhibit 6 attached to the deposition of Ralph Litolff, Jr. (Email between Edwards and Wilkie and others, dated 12/03/21, 2 pages);

61. Exhibit A attached to the deposition of John Theriot (CV of John Theriot, 26 pages);

62. Exhibit B attached to the deposition of John Theriot (Report of Malcolm Dienes, LLC, dated 03/22/22, 8 pages);

63. Exhibit C attached to the deposition of John Theriot (Report of Malcom Dienes, LLC, dated 12/16/21, 8 pages);

64. Exhibit D attached to the deposition of John Theriot (Coverage Form from Business Owners' Policy 00030110, 4 pages);

65. Exhibit 1 attached to the deposition of Louis Fey (CV of Fey, 18 pages);

66. Exhibit 2 attached to the deposition of Louis Fey (Expert Report of Fey, dated 03/04/22, 15 pages);

67. Exhibit 3 attached to the deposition of Louis Fey (Expert Report of Fey, dated 12/19/22, 38 pages);

68. Affidavit of Christopher J. Edwards, Jr., dated February 6, 2023;

69. Exhibit 1-A through Exhibit 1-X attached to the affidavit of Christopher J. Edwards, Jr. (which were submitted with ATE's Partial Summary Judgment on Bad Faith);

70. Copies of any all checks/payments made by Guard/Crawford to ATE in this matter, including but not limited to: 05/27/22, 4/12/22, 12/27/21, 12/27/21, 11/15/21, and 07/11/22.

71. GUARD Policy & Procedure Manual (210 pages);

72. Reports/CV of John Crawford of Crawford Engineering (Crawford Engineering Report dated 12/13/22, 61 pages);

73. Report/CV of Louis Fey;

74. Reports/estimates/CV of Raymond Gonzales of PDC;

75. Reports/CV of John Theriot of Malcolm Dienes;

76. The documents relied upon by John Theriot in issuing his Reports, including ATE financials;

77. ATE financials for the years 2020, 2021 and 2022.

78. Report(s) of Gabriel Alexander;

79. Report(s) of C. Todd Thomas;

80. Report(s) of Ralph Litollf, Jr.;

81. Depositions taken in this matter and all documents/exhibits attached thereto:

    a.   Deposition of Melinda Champluvier as the 30(b)(6) representative of Guard;

    b.   Deposition of Michael Law;

    c.   Deposition of Christopher Wilkie;

     d.   Deposition of Christopher Edwards as the 30(b)(6) representative of ATE;

     e.   Deposition of Raymond Gonzales;

     f.   Deposition of Ralph Litolff, Jr.;

     g.   Deposition of John Theriot;

     h.   Deposition of Gabriel Alexander;

     i.   Deposition of C. Todd Thomas;

     j.   Deposition of Ashley Traylor;

     k.   Deposition of John Crawford;

     l.   Deposition of Louis Fey; and

     m.   Any and all other dispositions in this matter.

82. Guard's claim file (8 pages);

83. The exhibits listed and/or introduced by Guard;

84. Any written discovery propounded or responded to by any party in this litigation, including any documents produced therein;

85. Any documents necessary for impeachment purposes; and

    ATE reserves its right to supplement and amend this list of exhibits upon adequate notice to the Court and opposing counsel.

<u>Guard's Objections to ATE's Exhibit List</u>

    Guard objects to all of the Exhibits (3-25); (26-30); (31-41); (42-43)(44-47); (48-54);(55-60);(61-64); (65-67) on the basis that it contains inadmissible hearsay in violation of Federal Rules of Evidence 802. Defendant reserves the right to provide federal rules of evidence in objection to the 96 Exhibits listed by Plaintiff in accordance with the Court's Scheduling Order and any trial orders.

**b. <u>AMGUARD</u>**[2]

1) Certified copy of Guard Insurance Policy No. ANBP299424;

2) Certified Guard Claim File for Claim No. ANBP299424-001-001-001;

3) Copies of all checks paid to ATE from or on behalf of Guard:
    a. On November 15, 2021, Guard tendered $45,158.73 for the building.
    b. On December 27, 2021, Guard tendered $20,940.64 for the building.
    c. On December 27, 2021 Guard advanced $45,000. 00 on the business income claim.
    d. On April 12, 2022, Guard tendered $143, 586.00 for business income claim.
    e. On May 27, 2022, Guard tendererd $62,385.90 for the building.
    f. On July 11, 2022, Guard tendered $33,387.02 for the building.

4) Crawford & Company Appraisal Plus Report and Estimate dated October 4, 2021;

5) Statement of Loss by Crawford & Company Global Technical Services adjuster Chris Wilkie dated November 23, 2021;

6) Byron Earls/Young & Associates estimate of 03/29/22;

7) Byron Earls/Young & Associates estimate of 06/08/22;

8) ATE's 2022 and 2023 Responses to Guard's Request for Production of Documents, with attachments.

9) Photographs of the premises at 509 West Morris Avenue, Hammond LA 70403.

10) Guard retained expert Ralph Litolff's Report dated January 12, 2023, curriculum vitae, fee schedule, and trial list;

11) Guard retained expert Todd Thomas's Report dated January 23, 2023 regarding insurance industry standards and claims handling practices, curriculum vitae, fee schedule, and trial list;

12) Guard retained expert Gabriel Alexander's Report of January 13, 2023, curriculum vitae, fee schedule and trial list;

13) Property Damage Consultants' Appraisal dated November 30, 2021;

14) Photographs pertaining to the subject property;

---

[2] Plaintiff has requested but has not been provided a copy of the exhibits Defendant has identified in its exhibit list. Therefore, Plaintiff reserves its right to make additional objections or remove certain objections once it receives a copy of Defendant's exhibits. Plaintiff will document and brief its objections to Defendant's exhibits and support for its exhibits in the memorandum submitted to the Court as set forth in the Pre Trial Notice.

15) Demonstrative Exhibits to be used at trial of this matter;

16) Certified copy of Guard's underwriting file; and

17) Certified copy of Morgan Wood Home Inspection and Photo Report of 509 West Morris Avenue, Hammond, LA 70403 dated October 20, 2020.

Defendant reserves the right to amend and/or add to this Exhibit List in accordance with the Court's Scheduling Order and any trial orders.

ATE's Objections to Guard's Exhibits Listed Herein:

| Exhibit 1 | No objection. |
|---|---|
| Exhibit 2 | No objection. |
| Exhibit 3 | No objection. |
| Exhibit 4 | Plaintiff objects to this exhibit on the basis that it contains inadmissible hearsay in violation of Federal Rules of Evidence 802. |
| Exhibit 5 | Plaintiff objects to this exhibit on the basis that it contains inadmissible hearsay in violation of Federal Rules of Evidence 802. |
| Exhibit 6 | Plaintiff objects to this exhibit on the basis that it contains inadmissible hearsay in violation of Federal Rules of Evidence 802. |
| Exhibit 7 | Plaintiff objects to this exhibit on the basis that it contains inadmissible hearsay in violation of Federal Rules of Evidence 802. |
| Exhibit 8 | No objection. |
| Exhibit 9 | No objection. |
| Exhibit 10 | Plaintiff objects to this exhibit on the basis that it contains inadmissible hearsay in violation of Federal Rules of Evidence 802. |
| Exhibit 11 | Plaintiff objects to this exhibit on the basis that it contains inadmissible hearsay in violation of Federal Rules of Evidence 802. |
| Exhibit 12 | Plaintiff objects to this exhibit on the basis that it contains inadmissible hearsay in violation of Federal Rules of Evidence 802. |
| Exhibit 13 | No objection. |
| Exhibit 14 | No objection. |
| Exhibit 15 | Plaintiff objects to this exhibit as it has not been provided a copy of a demonstrative exhibit from Defendant. |
| Exhibit 16 | No objection. |
| Exhibit 17 | No objection. |

## 11. **Deposition Testimony**

a. **ATE**:

At trial, ATE intends to use the deposition testimony of Michael Law and Christopher Wilkie (both of which are Guard/Crawford witnesses that are unavailable for trial). ATE has

designated and sent to Guard the portions of these depositions that it intends to use. Furthermore, pursuant to FRCP 32(a)(3), ATE intends to use the deposition of Melinda Champluvier as the 30(b)(6) representative of Guard at trial. ATE further reserves the right to use any deposition testimony as needed at trial for impeachment and/or rebuttal purposes.

b. **AMGUARD**:[3]

Guard intends to offer the following testimony into evidence:

a. Deposition of Melinda Champluvier as the 30(b)(6) representative of Guard.

b. Deposition transcript of Gabriel Alexander.[4]

c. Deposition of C. Todd Thomas.

d. Deposition of Ralph Litolff.

## 12. **Demonstratives**

a. **ATE**:

At this time, ATE is undecided on its use of demonstratives at trial. However, ATE may use demonstratives regarding its damages, Guard's liability and/or handling of the claim, and any other pertinent issues in this case. ATE reserves the right to supplement this response and will exchange any such demonstratives with Guard by March 31, 2023, in accordance with the Court's Scheduling Order.

b. **AMGUARD**

---

[3] ATE objects to the offering of AMGUARD's deposition testimony into evidence unless AMGUARD proves to the Court that the identified witnesses are unavailable for trial pursuant to the Federal Rules of Civil Procedure and/or Evidence.

[4] ATE objects to the use of the deposition of Gabriel Alexander at trial being solely limited to his transcript. The instant deposition was a video deposition. If Guard claims and proves under the Federal Rules of Civil Procedure and/or Evidence that Mr. Alexander is unavailable for trial, ATE avers the video deposition should be used and reserves the right to use the video of said deposition in lieu of the transcript.

Guard has not determined whether demonstratives will be used at the trial of this case. However, pursuant to the court's scheduling order, Guard will identify its demonstratives regarding damages, liability and/or handling of the claim, and any other pertinent issues in this case. Guard would like to reserve its right to identify its trial demonstrative pursuant to the court-imposed Scheduling Order deadlines.

**13. <u>Witnesses</u>**

**a. <u>ATE:</u>**

<u>Will Call Witnesses</u>

1. John Crawford/Crawford Engineering – Expert witness; 2372 St. Claude Ave., Suite 261, New Orleans, LA 70117 – Mr. Crawford will provide expert testimony regarding the facts and opinions of ATE's business income and/or property damage claim and the damages associated therewith.

2. Louis Fey. Industry Standards Expert – Expert Witness; 2136 North Woodchase Court, Baton Rouge, LA 70808 – Mr. Fey will provide expert testimony regarding the facts and opinions of ATE's business income and/or property damage claim and the damages associated therewith, including but not limited to Guard's handling of ATE's claims and its compliance and/or noncompliance with Louisiana law.

3. Raymond Gonzales/Property Damage Consultants – Louisiana License General Contractor; Expert Witness; 401 Red Gum Court, Mandeville, LA 70447 – Mr. Gonzales will provide expert testimony regarding the facts and opinions of ATE's business income and/or property damage claim and the damages associated therewith.

4. John Theriot/Malcolm Dienes. CPA, CFF, CRFAC, MACCT – Expert Witness; 611 North Causeway Blvd., Metairie, LA 70001 – Mr. Theriot will provide expert testimony

regarding the facts and opinions of ATE's business income and/or property damage claim and the damages associated therewith.

5. Byron Earls. Young & Associates – Little Rock, AR, 501-690-8449 – Mr. Earls will testify regarding ATE's business income and/or property damage claims and the associated damages therewith.

6. Andrew Biedermann – Crawford & Co. Crawford Global Technical Services PO Box 752, Grand Haven, MI, 49417 609-617-2899 – Mr. Biedermann is a Guard witness who will testify regarding ATE's business income and/or property damage claims and the associated damages therewith.

7. Michael Law. Crawford Global Technical Services – 103 North Dixon Drive, Batavia, Illinois 60510 – Mr. Law will testify by deposition, unless he appears at trial, regarding the handling of ATE's business income and/or property damage claims and Guard's lack of response to said claim.

8. Christopher Wilkie. Crawford Global Technical Services – 15245 Forest Park Drive, Grand Haven, Michigan 49417 – Mr. Wilkie will testify by deposition, unless he appears at trial, regarding the handling of ATE's business income and/or property damage claims and Guard's lack of response to said claim.

9. Guard's 30(b)(6) representative, Melinda Champluvier – 9217 Jefferson Highway, River Ridge, LA 70123 – Mrs. Champluvier/Guard will testify regarding Guard's handling of ATE's Hurricane Ida claim and Guard's defenses to ATE's lawsuit.

10. ATE's 30(b)(6) representative, Christopher Edwards – 509 West Morris Avenue, Hammond, LA 70403 – Mr. Edwards/ATE will testify to the facts giving rise to ATE's claims against Guard, Guard's handling of ATE's claims, and ATE's damages.

11. Ashley Traylor – 509 West Morris Avenue, Hammond, LA 70403 – Mrs. Traylor will testify to the facts giving rise to ATE's claims against Guard, Guard's handling of ATE's claims, and ATE's damages.

12. Jeremy Own. Owen Construction – 52272 Puls Court, Independence, LA 70443 – Mr. Owen will provide testimony regarding ATE's business income and/or property damage claim and the damages associated therewith.

13. Edward Burns. CPA – 102 N. Holly St., Hammond, LA 70401 – Mr. Burns will testify regarding ATE's business income losses.

14. Max McDaniel – Crawford & Company. Crawford & Co. 1605 N. Cedar Crest Blvd., Suite 407 Allentown, PA 18104, 817-975-9924. – Guard's fact witness who will testify regarding the inspection of the property and the adjustment of ATE's claim.

15. John Ruber. Crawford & Company – address unknown – Mr. Ruber will testify regarding Guard's handling of ATE's Hurricane Ida claim.

16. Kelly Blejwas. Guard – Guard Insurance Company, PO Box AH, Wilkes-Barre, PA 18703 570-825-9900 – Guard's fact witness who will testify regarding Guard's handling and adjustment of ATE's Hurricane Ida claim.

17. Dana Laster. Guard – address unknown – Guard's fact witness who will testify regarding Guard's handling and adjustment of ATE's Hurricane Ida claim.

18. Any witness necessary to authenticate exhibits, documents or records produced during discovery or listed as an exhibit by any party.

19. Any witness necessary for impeachment purposes and/or to rebut the testimony of any witness.

20. Rebuttal witnesses are not listed herein but ATE reserves the right to call unlisted witnesses in the rebuttal portion of this case.

21. Any witness listed or called by any other party.

22. Any witness deposed or who becomes known through discovery.

ATE avers that its witness lists were filed in accordance with the Federal Rules of Civil Procedure and prior court orders.

ATE reserves the right to amend and/or add to this Witness List in accordance with the Court's Scheduling Order.

b. **AMGUARD:**

1) Max McDaniels, Crawford & Co. 1605 N. Cedar Crest Blvd., Suite 407 Allentown, PA 18104, 817-975-9924. -Fact witness who will testify regarding the September 2021 estimates and inspection reports for 509 West Morris Street, Hammond, LA 70403.

2) Andrew Biedermann, Crawford & Co. Crawford Global Technical Services PO Box 752, Grand Haven, MI, 49417 609-617-2899, -Fact witness who will testify regarding the adjustment, evaluation and handling of the damage claims at 509 West Morris Street, Hammond, LA 70403

3) Byron Earls, Young & Associates. Little Rock, AR, 501-690-8449, -Fact witness who will testify regarding estimates for inspections performed on 509 Morris Ave., Hammond, LA.

4) Kelly Blejwas, Guard Insurance Company, PO Box AH, Wilkes-Barre, PA 18703 570-825-9900, -Fact witness who will testify regarding the adjustment, evaluation and handling of the loss.

5) Ralph Litoff, RAL Forensics, LLC, 2637 Edenborn Ave., Ste. 305, Metairie, LA 70002, 504-587-1670, -Defendant's Forensic Accounting Expert who will testify regarding information provided in his expert report.

6) C. Todd Thomas, Sigma Consulting Corp., 3945 North I-10 Service Road West, Ste. 200 Metairie, LA 70002, 504-302-8633. -Defendant's industry expert who will testify regarding information provided in his expert report.

7) Gabriel Alexander, P.E., U. S. Forensic, LLC 3201 Ridgelake Drive, Metairie, LA 70002. Defendant's engineering expert who will testify regarding information provided in his expert report dated January 13, 2023.

8) John Theriot, Jonathan A. Stoltz, Jason Schellhaas or a representative of Malcolm M. Dienes, LLC 611 N. Causeway Blvd., Metairie, LA 70001, -Experts who will testify on behalf of Plaintiff regarding preparation of their Business Interruption Claim report dated December 19, 2022.

9) Louis G. Fey, Jr., Fey Consulting, LLC 2136 N. Woodchase Ct. Baton Rouge, LA 70808, 225-362-0018, -Plaintiff's expert on industry standards who will testify regarding information in his report dated December 19, 2022.

10) John W. Crawford Crawford Engineering 2372 St. Claude Ave., #261 New Orleans, LA 70117, 504-309-2653, Plaintiff's expert engineer who will testify regarding his report dated December 19, 2022.

11) Raymond B. Gonzales, or a representative of Property Damage Consultants, LLC 401 Red Gum Ct., Madisonville, LA 70744, 504-615-8858, Expert witness who will testify on behalf of Plaintiff regarding estimates done regarding repairs to 509 W. Morris Ave., Hammond, LA.

12) Jeremy Owen - Owen Construction 52272 Puls Ct., Independence, LA 70443, -Fact witness who will testify regarding estimates and invoices for repairs to 509 W. Morris Avenue, Hammond, LA 70403.

13) Morgan Wood, Home Inspections of Louisiana 210 Shaunell Dr., Mandeville, LA 70448, Fact witness who will testify regarding the Home Inspection Report of 509 W. Morris Ave., Hammond, LA 70403, dated October 20, 2020.

14) Any expert witness identified in this matter.

15) Any witness necessary to address any argument, allegation, defense, or affirmative defense raised by Guard.

16) Any witness necessary for rebuttal.

17) Any witness called or listed by any other party to these proceedings.

18) Any witness needed for impeachment/rebuttal purposes.

19) Any witness necessary for the authentication or admission of exhibits/evidence at trial.

Guard avers that the Witness List was filed in accordance with the Federal Rules of Civil Procedure and prior court orders.

Guard reserves the right to amend and/or add to this Witness List in accordance with the Court's Scheduling Order or trial orders.

**14. <u>Jury Trial</u>**

The parties agree that all claims in this matter are set for a jury trial. Proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put prospective jurors on voir dire shall be electronically field with the Court not later than seven full working days prior to the trial date, unless specific leave to the contrary is granted by the Court.

15. **Damages**

The parties aver that the issue of liability will not be tried separately from that of quantum, as this trial concerns both liability and damages.

16. **Other Matters**

Counsel for the parties are generally unaware of other matters that might expedite the disposition of this case. However, Guard contends that because Louisiana law, and not industry standard, determines whether conduct by an insurer constitutes "bad faith", a factually driven determination that is not complicated, the use of a "bad faith" expert is not necessary to aid the jury in understanding this issue. ATE objects to this contention.

17. **Trial Setting**

A jury trial shall commence on April 10, 2023, at 9:00 a.m. The parties believe that this matter can be tried in 3 days.

18. **Certificate of Conference**

This pre-trial order has been formulated after the conference at which counsel for the respective parties have appeared in person, by phone, and by email. Reasonable opportunity has been afforded for corrections or additions prior to signing. Hereinafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by the order of the Court to prevent manifest injustice.

19. **Settlement**

Possibility of settlement in this case was considered. A settlement conference was held with Magistrate Judge North on March 13, 2014. The conference was unsuccessful. Additionally, the possibility of settlement of this case was again considered during mediation on February 14, 2023, but a settlement was not reached.

Signed at New Orleans, Louisiana, this _____ day of _____, 2023.

_____

Hon. Nannette Brown
United States District Judge

Respectfully submitted,

**CHEHARDY, SHERMAN, WILLIAMS, RECILE, & HAYES, L.L.P.**

/s/ *Matthew A. Sherman.*_____
JAMES M. WILLIAMS (BRN 26141)
MATTHEW A. SHERMAN (BRN 32687)
PATRICK R. FOLLETTE (BRN 34547)
NICHOLAS R. VARISCO, (BRN 38431)
One Galleria Blvd., Suite 1100,
Metairie, LA 70001
P. O. Box 931,
Metairie, LA 70004-0931
Telephone: (504) 833-5600
Fax: (504) 833-8080
Email:james@thetrialteam.com;
matthew.sherman@thetrialteam.com;
patrick@thetrialteam.com;
nick@thetrialteam.com

**ATTORNEYS FOR PLAINTIFF, ANDERSON TRAYLOR EDWARDS LTD**

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

/s/ *Pamela W. Carter*_____
PAMELA W. CARTER, T.A.(BAR#24048)
LINDA GONZALES (BAR #35149)
MIA LEWIS (BAR #36550)
3850 N. Causeway Blvd., Suite 630
Metairie, Louisiana 70002
Telephone: (504) 527-5055
Facsimile: (504) 527-5056
Email:pamela.carter@qpwblaw.com
Email: linda.gonzales@qpwblaw.com
Email: mia.lewis@qpwblaw.com

**AND**

**SEGAL MCCAMBRIDGE SINGER & MAHONEY**

KENNETH P. WILLIAMS (T.A. BAR #55790)
KRISTINA DUKANAC (BAR #84549)
29100 Northwestern Hwy, Ste. 240

Southfield, MI 48034
Telephone: (248) 994-0061
Email: kwilliams@SMSM.com
Email: KDukanac@SMSM.com
ADMITTED PRO HAC VICE

**ATTORNEYS FOR AMGUARD INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of March 2023, I electronically filed the foregoing document and attachments thereto, if any, with the Clerk of the Court using the CM/ECF electronic filing system, on the following:

_/s/ Matthew A. Sherman_____
**MATTHEW A. SHERMAN**


_/s/ Pamela W. Carter_____
**PAMELA W. CARTER**