## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDERSON TRAYLOR EDWARDS, LTD.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1024** |
| **BERKSHIRE HATHAWAY GUARD INSURANCE CO.** | **SECTION: "G"(1)** |

## <u>ORDER</u>

Before the Court are Defendant AmGuard Insurance Company's ("Defendant") Motions in Limine to limit testimony from two of Plaintiff Anderson Traylor Edwards, Ltd.'s ("Plaintiff") experts.[1] In the motions, Defendant requests that the Court exclude testimony from Plaintiff's experts John Theriot ("Theriot") and Louis Fey ("Fey") on the "period of restoration" for the business interruption claim and insurance industry standards. Defendant argues that the experts' testimony on the period of restoration and insurance industry standards does not assist the trier of fact by testifying to impermissible factual and legal conclusions.[2] Defendant filed both motions on March 21, 2023.[3] For the following reasons, the Court denies Defendant's motions because they were not timely filed.

On May 10, 2022, this Court issued a Scheduling Order providing that "Motions regarding the admissibility of expert testimony [or] (*Daubert* motions) shall be filed and served in sufficient time to permit hearing thereon no later than February 22, 2023."[4] Local Rule 7.2 provides that

---

[1] Rec. Docs. 90, 91.

[2] *See* Rec. Doc. 90-1 at 2–3; Rec Doc. 91-1 at 2–3.

[3] Rec. Docs. 90, 91.

[4] Rec. Doc. 9 at 2.

1

"[u]nless otherwise ordered by the court, motions must be filed not later than the fifteenth day preceding the date assigned for submission." Thus, to permit hearing no later than February 22, 2023, each party was required to submit any motions regarding the admissibility of expert testimony or *Daubert* motions by February 7, 2023. However, Defendant filed the instant motions challenging Plaintiff's experts' testimony on March 21, 2023.[5] Therefore, it is evident that Defendant's motions were submitted in violation of the Court's Scheduling Order.

Federal district courts have the inherent power to enforce their scheduling orders,[6] and Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[7] Here, Defendant did not request or obtain the Court's consent to modify the Scheduling Order, nor did Defendant request leave to file the motion out of time. A trial in this matter was originally set for April 10, 2023.[8] The Court's Scheduling Order provides that motions addressing the admissibility of expert testimony must be filed in enough time to be heard *no later* than February 22, 2023.[9] This allows the Court the minimum time needed to address these pretrial motions. It makes no difference whether Defendant simply titles these

---

[5] Rec. Docs. 90, 91.

[6] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)); *see also Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) ("The second question challenges the district court's ability to establish and enforce deadlines for the filing of motions and other papers. It is plain that they have, and must have this power."); *Edwards v. Cass Cty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990) ("The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like.").

[7] Fed. R. Civ. P. 16(b)(4).

[8] Rec. Doc. 22 at 4.

[9] *Id*. at 2.

motions as motions in limine because its briefs solely seek to limit or restrict testimony from Plaintiff's experts.[10]

Pursuant to Federal Rule of Civil Procedure 16(b), if Defendant seeks to modify other deadlines set forth in the Court's Scheduling Order, it must present good cause and obtain the judge's consent.[11] Defendant has not established good cause to modify the deadline for filing motions regarding the admissibility of expert testimony set forth in the Court's Scheduling Order. Accordingly, the motions must be denied as untimely filed. Parties are expected to be diligent in moving their cases along. The Court reiterates that its March 31, 2023 Order states that "all other [motion practice and discovery] deadlines have passed and shall not be continued absent the filing of a motion to continue the pretrial deadlines providing good cause for the Court to issue any continuance."[12]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motions[13] are **DENIED** as untimely filed.

**NEW ORLEANS, LOUISIANA**, this __6th__ day of April, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[10] The Court notes this distinction because the Court's Scheduling Order provides that "[a]ll other motions *in limine* and trial memoranda [not involving admissibility of expert testimony] shall be filed seven working days before trial and responses thereto shall be filed two working days before trial." Rec. Doc. 9 at 2.

[11] Fed. R. Civ. P. 16(b)(4).

[12] Rec. Doc. 117 at 1.

[13] Rec. Docs. 90, 91.